UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| JEFFREY PERRELLA and CAMILLA PERRELLA,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL RV HOLDINGS, INC., d/b/a/ Country Coach, SHOREWOOD RV CENTER, and LYNDON DFS WARRANTY SERVICES, INC.<br><br>Defendants.<br><br>and<br><br>NATIONAL RV HOLDINGS, INC., d/b/a/ Country Coach,<br><br>Third-Party Plaintiff,<br><br>v.<br><br>CUMMINS ENGINE COMPANY, INC., and ALLISON TRANSMISSION,<br><br>Third-Party Defendants. | Civil No. 03-4245 (JRT/RLE)<br><br><br><br><br><br><br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE DATED SEPEMBER 30, 2005** |

Jeffrey C. Brown and Thomas R. Johnson, **MERCHANT & GOULD, PA**, 80 South Eighth Street, Suite 3200, Minneapolis, MN 55402, for defendant/third-party plaintiff National RV Holdings, Inc., d/b/a Country Coach.

Aaron R. Hartman, **ANTHONY OSTLUND & BAER, PA**, 90 South Seventh Street, Suite 3600, Minneapolis, MN 55402; and Jay Felton and Mara H. Cohara, **LATHROP & GAGE**, 2345 Grand Boulevard, Suite 2800, Kansas City, MO 64108, for third-party defendant Cummins Engine Company, Inc.

This matter is before the Court on the objection of defendant and third-party plaintiff National RV Holding, Inc., d/b/a/ Country Coach ("Country Coach") to the September 30, 2005 Report and Recommendation of United States Magistrate Judge Raymond L. Erickson.  The Magistrate Judge recommends granting third-party defendant Allison Transmission's motion to exclude the expert testimony of one of Country Coach's witnesses.[1]  The Court has reviewed *de novo* Country Coach's objection pursuant to 28 U.S.C. § 636(b)(1)(C) and D. Minn. LR 72.2(b).  For the reasons set forth below, the Court adopts the Report and Recommendation and grants Allison Transmission's motion to exclude.

This case arises out of defendant Shorewood RV Center's sale of an allegedly defective motor home to plaintiffs.  Pursuant to plaintiffs' assignment, Country Coach is pursuing plaintiffs' claims against Allison Transmission, which manufactured the transmission in the motor home.

Allison Transmission moves to exclude the expert testimony of Kevin Kiscoan ("Kiscoan").  Country Coach proffers Kiscoan's opinion that the transmission suffered from manufacturing defects.  As the Magistrate Judge detailed in the Report and Recommendation, Kiscoan has received no education or training relating to transmissions, and none of his positions with Country Coach required him to perform transmission repairs, or diagnose transmission problems.  His sole employment related to

---

[1] The Magistrate Judge also recommends denying Allison Transmission's motion for summary judgment.  Allison Transmission has not objected to this recommendation, and it is accordingly adopted.

transmissions was a six-month position as a parts cleaner during which he neither repaired nor diagnosed problems with transmissions.

The Court has reviewed the record supporting the Magistrate Judge's findings, and has found no error, nor does Country Coach identify any error or point toward any overlooked evidence of Kiscoan's experience or training relating to transmissions. Instead, Country Coach contends that "[t]he issues in this case relate to commonplace events and circumstances within the personal understanding of most jurors. The jurors likely will rely on their own experience and common sense instead of being unjustly persuaded by the qualifications of the experts." (Obj. of Country Coach, Oct. 18, 2005.) This argument is wholly out of line with the standards of Rule 702 of the Federal Rules of Evidence. *United States v. Felak*, 831 F.2d 794, 797 (8th Cir. 1987) ("It is axiomatic that pursuant to Rule 702, expert testimony is admissible only when an expert's specialized knowledge is necessary to assist the trier of fact in understanding the evidence or in determining a fact in issue."). The Court therefore grants Allison Transmission's motion to exclude this testimony. As the Magistrate Judge noted, the grant of this motion does not preclude Kiscoan from testifying as a lay witness concerning his personal observations of the motor home.

This case will be placed on the Court's next available trial calendar.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, the Court **OVERRULES** Country Coach's objection [Docket No. 88] and **ADOPTS** the Report and Recommendation of the Magistrate Judge [Docket No. 87]. **IT IS HEREBY ORDERED** that:

1. Allison Transmission's motion for summary judgment [Docket No. 63] is **DENIED**; and

2. Allison Transmission's motion to exclude testimony of Country Coach's expert Kevin Kiscoan [Docket No. 60] is **GRANTED**.


DATED: November 15, 2005            s/ John R. Tunheim
at Minneapolis, Minnesota.            JOHN R. TUNHEIM
                                                         United States District Judge