# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| JEFFREY PERRELLA  and CAMILLA PERRELLA, | Civil No.  03-4245 (JRT/RLE) |

                          Plaintiffs,

    v.

NATIONAL RV HOLDINGS, INC.,
d/b/a/ Country Coach, SHOREWOOD
RV CENTER, and LYNDON DFS
WARRANTY SERVICES, INC.

                        Defendants,

     and

NATIONAL RV HOLDINGS, INC.,
d/b/a/ Country Coach,

             Third-Party Plaintiff,

    v.

CUMMINS ENGINE COMPANY, INC.,
and ALLISON TRANSMISSION,

           Third-Party Defendants.

**ORDER ADOPTING REPORT
AND RECOMMENDATION
OF MAGISTRATE JUDGE DATED
JULY 29, 2005**

Jeffrey C. Brown and Thomas R. Johnson, **MERCHANT & GOULD, PA**, 80 South Eighth Street, Suite 3200, Minneapolis, MN 55402, for defendant/third-party plaintiff National RV Holdings, Inc., d/b/a Country Coach.

Aaron R. Hartman, **ANTHONY OSTLUND & BAER, PA**, 90 South Seventh Street, Suite 3600, Minneapolis, MN 55402; Jay Felton and Mara H. Cohara, **LATHROP & GAGE**, 2345 Grand Boulevard, Suite 2800, Kansas City, MO 64108, for third-party defendant Cummins Engine Company, Inc.

This matter is before the Court on the objection of defendant and third-party plaintiff National RV Holding, Inc., d/b/a/ Country Coach ("Country Coach") to the July 29, 2005 Report and Recommendation of United States Magistrate Judge Raymond L. Erickson.  The Magistrate Judge recommends denying Country Coach's motion for attorney fees and costs.  The Court has reviewed *de novo* Country Coach's objection pursuant to 28 U.S.C. § 636(b)(1)(C) and D. Minn. LR 72.2(b).  The Court adopts the Report and Recommendation and denies Country Coach's motion for attorney fees and costs for the reasons set forth therein, and for the additional reasons set forth below.

## A.    BACKGROUND

This case arises out of defendant Shorewood RV Center's sale of a motor home to plaintiffs.  Plaintiffs settled their claims against defendants and assigned their claims to Country Coach, so that Country Coach could pursue them against third-party defendants Cummins Engine Company, Inc. ("Cummins") and Allison Transmission.  Cummins subsequently served Country Coach with an Offer of Judgment pursuant to Fed. R. Civ. P. 68.  The Offer stated, in relevant part, "[Cummins] submits this total offer of judgment of one (1) ISL Cummins engine, not to exceed the price of $20,300.00, to third-party plaintiff, Country Coach."  (Country Coach's Not. of Acc. of Offer of J., Ex. A.)

Country Coach accepted the Offer of Judgment, and judgment was entered on February 16, 2005.  One month later, Country Coach filed this motion for attorney fees and costs.

**B.      ANALYSIS**

The issue before the Court is whether the language of the Offer of Judgment included costs and attorney fees.  As the Magistrate Judge detailed in the Report and Recommendation, a number of courts have held that the word "total" indicates an amount meant to settle all liability, including that for attorney fees and costs.  *See, e.g., Broadcast Music, Inc. v. Dano's Rest. Sys., Inc.*, 902 F. Supp. 224, 226-27 (M.D. Fla. 1995); *Olds v. Nat'l Capital Mgmt.*, 1988 WL 130622 (D. Kan. Nov. 30, 1988).

Country Coach argues that the Supreme Court has ruled that a Rule 68 offer must include costs specifically, or else the court must include an additional amount for costs.  *See Marek v. Chesny*, 473 U.S. 1, 6 (1985).  *Marek* did not hold that a Rule 68 offer must expressly use the word "costs," however.  *See id.* ("If the offer recites that costs are included or specifies an amount for costs . . .").  Here, the use of the word "total" is a recitation that costs are included.  Rule 68 offers do not have to list attorney fees specifically, "and it runs counter to the purpose of Rule 68 to assume that forms of relief not mentioned are not intended to be included within the sum offered."  *Radecki v. Amoco Oil Co.*, 858 F.2d 397, 401 (8th Cir. 1988).  It would be illogical to hold that such offers must specifically use the word "costs" but not the words "attorney fees," particularly in a case such as this where the claimed attorney fees are over ten times the amount of costs.

As part of its objections to the Report and Recommendation, Country Coach submitted a new exhibit, consisting of a copy of an email from Country Coach's counsel

discussing Cummins's Rule 68 Offer and commenting that "[s]ince it doesn't explicitly include costs, disbursements or attorneys' fees, we could theoretically accept the offer and move for costs . . . and attorneys' fees[.]"  (Country Coach's Objection, Ex. A.) Cummins contends that the Court is not obligated to consider this evidence because it was not presented to the Magistrate Judge.  The Court need not resolve that issue, however, because even if the evidence is properly before the Court, it does not affect the Court's analysis.  Country Coach offers it as extrinsic evidence that the parties did not intend the Rule 68 Offer to include costs and attorney fees.  This email was not part of the parties' settlement negotiations, however, but is an attorney-client communication to which Cummins was not privy.  It thus does not help explain what the parties intended when they agreed to a "total offer of judgment."

    In addition to the Rule 68 analysis relied upon by the Magistrate Judge, the Court observes that Country Coach has not, so far as the Court can discover, responded to Cummins's arguments that it cannot recover attorney fees when it failed to plead them, and that it cannot recover attorney fees as an assignee of plaintiffs because it did not plead and prove the assignment.  *See Nat'l Liberty Corp. v. Wal-Mart Stores, Inc.*, 120 F.3d 913, 916 (8th Cir. 1997) (explaining that attorney fees are "special damages" that parties are required to plead under Fed. R. Civ. P. 9(g)); *Fed. Deposit Ins. Corp. v. WH Venture*, 607 F. Supp. 473, 476 (E.D. Pa. 1985) (stating that an assignee of a contractual right must plead and prove the validity of his ownership claim).  The Court finds that these are two additional bars to Country Coach's motion with respect to attorney fees.

Country Coach's objection is therefore overruled and its motion for attorney fees and costs is denied.

## ORDER

Based on the foregoing, and  all the files, records, and proceedings herein, the Court **OVERRULES** Country Coach's objection [Docket No. 83] and **ADOPTS** the Report and Recommendation of the Magistrate Judge [Docket No. 82].  **IT IS HEREBY ORDERED** that Country Coach's motion for attorney fees and costs [Docket No. 43] is **DENIED**.


DATED:  November 15, 2005                  _____s/ John R. Tunheim_____
at Minneapolis, Minnesota.                          JOHN R. TUNHEIM
                                                    United States District Judge